## DUMAS, Trustee, vs. ROBBINS.

[ACTION ON PROMISSORY NOTE—REVIVOR, &c.]

1. *Trustee of express trust, suit by; when does not abate, and how may be revived.*—Where the trustee of an express trust commences an action on a promissory note belonging to the trust estate, and resigns, the action is not thereby abated, but may be revived in the name of his successor, and if, after an order is made reviving the suit in the name of such successor, the court, on defendant's motion, strikes the case from the docket, and renders a judgment against the plaintiff for the costs, on appeal the judgment will be reversed, and the cause remanded for further proceedings, &c.

APPEAL from the Circuit Court of Wilcox.
Tried before Hon. P. O. HARPER.

This action was brought on the 7th of March, 1869, by Wm. A. Kimbrough, who describes himself "as trustee of the estates" of H. C., C. M., M. F., C. F. and L. A. Dumas, minors, against one Shipley and Josiah Robbins, to recover the amount of a promissory note made by them payable to Joel Dumas, which note it is alleged is now the property of plaintiff, "as such trustee." Service was effected on Robbins, and a return made of not found as to Shipley.

At the spring term, 1869, the resignation of the plaintiff as trustee was suggested, and a *scire facias* ordered to issue to Clement M. Dumas, as trustee, and the cause continued. At the fall term, 1869, as it appears from the record, the resignation, settlement and discharge of W. A. Kimbrough, as trustee, was suggested, and the appointment and qualification of C. M. Dumas as trustee in his stead, and motion made to continue the suit in the name of said Dumas, as trustee, &c., as party plaintiff. On the hearing of this motion, an agreed state of facts was offered in evidence, the substance of which was, that the trust in question was created by the will of James Dumas, deceased; that Joel Dumas, the trustee appointed by the will, entered upon the

discharge of the duties of his trust, and died without settling it; that afterwards Joel's administrator settled the trust, so far as executed by Joel, in the chancery court, with Kimbrough, plaintiff in this suit, who had been duly appointed and qualified as trustee, instead of Joel, and had turned over to Kimbrough the assets of the trust estate, among which was the note in suit; that after Kimbrough brought the suit, he in turn resigned, settled his trust in the chancery court, and was discharged, turning over the assets to his successor, Clement Dumas, who had been duly appointed and qualified as trustee; that the trust estate consisted wholly of personalty, and that eighteen months had not elapsed since the resignation of Kimbrough.

The will of James Dumas, which had been duly probated, &c., was introduced in evidence, which showed that the trust created by it was an express trust, for the benefit of the minors mentioned in the complaint.

The court granted the motion, and ordered that Clement Dumas be made party plaintiff, and that the suit proceed in his name, &c., the defendant excepted to this ruling of the court, and a bill of exceptions containing the foregoing statement of facts was signed and sealed, at his instance, by the presiding judge, and filed in court November 9th, 1869.

The record shows no further proceedings in the case until the spring term, 1871, and when it was discontinued as to Shipley, who had not been served, and then, on motion of the defendant, the case was stricken from the docket, and the plaintiff taxed with the costs. To this action of the court the plaintiff excepted, and at his instance a bill of exceptions was signed and sealed by the pending judge, in which it is stated that no evidence was offered in support of the motion.

At a subsequent day of the term, Dumas placed a motion on the docket to set aside the order of dismissal, and to reinstate the cause. The court overruled this motion, and the plaintiff excepted, and reserved a bill of exceptions, which shows that on the hearing of this motion, the

Dumas, Trustee, v. Rodbins.

same evidence was introduced as on the hearing of the motion to make Dumas party plaintiff.

The judgment of the court dismissing the cause and taxing the plaintiff with costs, is now assigned for error.

The appellee did not join in error, but moved to dismiss the appeal. The grounds of this motion are fully stated in the opinion.

PETTUS & DAWSON, for appellant.
S. J. CUMMING, contra. ·

PECK, C. J.—1. The motion to dismiss the appeal must be overruled. The ground of said motion is, that the appellant had not been made a party plaintiff, as trustee, in the place and stead of William A. Kimbrough, in whose name, as trustee, the action was commenced. This is not sustained by the record. The record shows that said Kimbrough, the trustee, had resigned and made a final settlement in the chancery court, and that appellant had been duly appointed trustee in his place, and on his motion the court had ordered the suit to be continued and prosecuted in his name, as trustee and successor of said Kimbrough. This was done at the fall term of the court, 1869.

2. At the spring term, 1871, on the motion of the defendant Robbins, (the action having been discontinued as to the defendant Shipley, on whom the summons had been returned not executed,) the cause was stricken from the docket, and judgment rendered against the appellant, as plaintiff, for the costs. To this decision of the court the appellant excepted. The reason for this ruling of the court is not stated, but I presume it was, that the action abated by the resignation of said Kimbrough as trustee, and could not be revived in the name of appellant as his successor.

Section 2542 of the Revised Code enacts, that "no action abates by the death or *other disability* of the plaintiff or defendant, if the cause of action survive or continue; but the same must, on motion within eighteen months thereafter, be revived in the name of, or against the legal repre-

sentative of the deceased, *his successor or party in interest;* or, the death of such party may be suggested upon the record, and the cause proceed in the name of, or against the survivor." I understand the words "*other disability*," as here used, to refer to a disability that intervenes without the death of the party, whether plaintiff or defendant. So understood, they embrace the present case, for, by the resignation of said Kimbrough, as trustee, the suit could not be further prosecuted in his name; he thereby ceased to have any title to the note, the foundation of the action, and on the appointment of the appellant as his successor, the legal title vested in him, and unless the action could be revived in his name, it must, necessarily, have abated. It was the intention of the said section, as it seems to me, to prevent this, by authorizing the action to be revived in the name of appellant, as the successor of said Kimbrough. This interpretation harmonizes with the spirit of our legislation on this subject. Section 1593 of the Revised Code provides, that "upon the death of a sole or surviving trustee of an express trust, the trust estate does not descend to his heirs, or pass to his personal representatives." It would seem, then, necessarily to vest in his successor; and I can see no good reason why this should not be so, in case of a resignation.

Chapter 9, p. 652 of the Revised Code provides for the resignation and appointment of trustees of such trusts, and these provisions, I think, clearly contemplate that the succeeding trustee is to stand in the shoes of his predecessor, and if a suit be pending in his name, as trustee, either as plaintiff or defendant, it may be revived and prosecuted by or against his successor.

The several sections of the Revised Code above referred to are manifestly remedial provisions, and should be liberally construed. Believing the foregoing to be their true interpretation, it follows, the court below erred in sustaining the defendant's motion, and striking the said cause from the docket.

The judgment is reversed, and the cause is remanded for further proceedings, at the appellee's cost.